AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 13, 2020*

David J. Bradley, Clerk of Court

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Victor Alfonso Santibanez-Pelayo | ) Case No. **4:20mj0827** |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 21, 2018__ in the county of __Fort Bend__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b)(1) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, after having been convicted of a crime defined as a felony, was found unlawfully in the United States at Fort Bend County, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

*Complainant's signature*

Shawna Campbell, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 05/13/2020

*Judge's signature*

City and state: Houston, Texas

Judge Frances H. Stacy, Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Shawna Campbell, being duly sworn by telephone, hereby depose and say:

(1) I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 2016. Prior to this assignment, I have held the following positions: Immigration Enforcement Agent and a Federal Correctional Officer. My law enforcement career began on January 7, 2007, as a Federal Correctional Officer. I have over 10 years of immigration law enforcement experience.

(2) On May 20, 2020, Victor Alfonso Santibanez-Pelayo is scheduled to release into ICE custody from the Texas Department of Criminal Justice. The Defendant is also known as or has used the aliases of Victor Santivanez Pelayo, Victor Pelayo, Victor Santibanez, Vic A Santibanez-Pelayo, Victor A Santibanez-Pelayo, Victor Alfon Santibanez-Pelayo

(3) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b)(1).

(5) <u>Element One</u>: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6) <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasion(s):
 a. August 3, 2017

(7) <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on April 21, 2018, in Fort Bend County, Texas, which is within the Southern District of Texas. Specifically, within the Houston or Galveston Division of the Southern District of Texas.

(8) <u>Element Four</u>: The Defendant did not have permission to reenter the United States. On May 11, 2020, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the

United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)   Prior Criminal History / Gang Affiliation. The Defendant has the following prior criminal history and/or gang affiliation:

    a. On September 17, 2018, the Defendant, using the name Victor Santibanes, was convicted in the 268th District Court, Fort Bend County, Texas for the offense of manufacture/delivery of a controlled substance, a Felony under Case #18-DCR-082234. For this offense, the Defendant was sentenced to three (3) years.

    b. On June 10, 2010, the Defendant, using the name Victor Alfonso Santubanez-Pelayo, was convicted in the United States District Court, Eastern District of North Carolina for the offense of conspiracy to distribute and possess with the intent to distribute cocaine and methamphetamine, a Felony under Case #4:09-CR-64-2F. For this offense, the Defendant was sentenced to one hundred forty-six (146) months.

(10)   On May 12, 2020, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Michael Kusin (281-723-7072) accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b)(1).

_____
Shawna Campbell, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me on this 13th day of May 2020, and I find probable cause.

_____
Hon. Judge Frances H. Stacy
United States Magistrate Judge
Southern District of Texas